UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

DANIEL GONZALEZ

    Plaintiff,

vs.

JAB KITCHEN DESIGNERS CORP.,
a Florida Profit Corporation; HERON
STONE GP., a Florida Limited Liability
Company; JAMIE HADDIX, as an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff DANIEL GONZALEZ, (hereinafter, "Plaintiff") by and through his undersigned attorney hereby sues Defendants JAB KITCHEN DESIGNERS CORP., a Florida profit Corporation (hereinafter, "JAB KITCHEN DESIGNERS"), HERON STONE GP LLC , a Florida Limited Liability Company (hereinafter, "HERON STONE GP"), JAMIE HADDIX (hereinafter, "HADDIX") collectively "Defendants" and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Florida Minimum Wage Act, (hereinafter "FMWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material

1

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants as a full-time laborer from on or about early April 27, 2020 through on or about August 11, 2020. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e) and Fla. Stat. § 448.101.

6. Defendant HERON STONE GP LLC is a Florida limited liability Company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. HERON STONE GP LLC has, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

7. Defendant HERON STONE GP LLC is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant HERON STONE GP LLC is in the construction business and engage in residential construction and land development.

9. At all times material to this Complaint, HERON STONE GP LLC had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials

that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant JAB KITCHEN DESIGNERS is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant JAB KITCHEN DESIGNERS had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

11. Defendant JAB KITCHEN DESIGNERS is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Specifically, Defendant JAB KITCHEN DESIGNERS in the construction business and engage in the installation and remodeling of cabinetry, sinks, flooring, walls, and the various aspects of kitchens.

13. At all times material to this Complaint, JAB KITCHEN DESIGNERS had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. At all material times hereto Defendants were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) in that JAB KITCHEN DESIGNERS and HERON STONE GP were contractors and subcontractors engaged in a residential construction project in which Plaintiff performed work as an installer.

15. At all times material to this Complaint, JAB KITCHEN DESIGNERS and HERON STONE GP, separately and/or in combination employed at least ten (10) employees.

16. Defendants JAB KITCHEN DESIGNERS and HERON STONE GP, upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

17. Defendant JAMIE HADDIX is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, JAB KITCHEN DESIGNERS.

18. Defendant JAMIE HADDIX acted directly in the interest of her company, JAB KITCHEN DESIGNERS. Upon all available information, JAMIE HADDIX controlled the manner in which Plaintiff performed his work and the pay he was to receive.

19. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

20. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

21. Specifically, Plaintiff performed work for Defendants as an installer from on or about April 27, 2020 until on or about August 11, 2020.

22. During Plaintiff's employment, Plaintiff regularly worked twelve (12) hours per day seven (7) seven days a week.

23. Accordingly, during the course of his employment, Plaintiff regularly worked between 60-84 hours per work week.

24. During Plaintiff's employment Defendants compensated Plaintiff at a piece rate which varied between $130.00 -$260 per installation depending on the type of kitchen that he installed.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

27. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

28. Additionally, the Defendants failed to compensate the Plaintiff for hours worked during the last week of employment.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF FLSA/MINIMUM WAGES**
**against JAB KITCHEN DESIGNERS**

31. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

32. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Since the commencement of Plaintiff's employment Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

34. Specifically, Plaintiff worked in excess of forty (40) hours during each work week in which he was employed but he was not compensated at time and a half for any of the hours worked in excess of forty (40) hours each workweek.

35. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

37. The Plaintiff was a construction worker and was at all relevant times, covered by the FLSA.

38. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

39. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

40. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

42. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

43. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

44. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FMWA
## against JAB KITCHEN DESIGNERS

45. Plaintiff re-alleges and re-avers paragraphs 1 through 30 as fully set forth herein.

46. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

47. Defendant JAB KITCHEN DESIGNERS failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant JAB KITCHEN DESIGNERS as alleged above.

48. Plaintiff sent a written demand for these payments dated September 24, 2020. Defendant JAB KITCHEN DESIGNERS has failed to make any payments in accord with that demand.

49. As a direct result of JAB KITCHEN DESIGNERS' failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of JAB KITCHEN DESIGNERS.

50. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

    A. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    B. Liquidated damages;

    C. Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    D. Such other and further relief as the court deems proper.

## COUNT III
## VIOLATION OF FLSA/OVERTIME against HERON STONE GP

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

52. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

53. Since the commencement of Plaintiff's employment Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

54. Specifically, Plaintiff worked in excess of forty (40) hours during each work week in which he was employed but he was not compensated at time and a half for any of the hours worked in excess of forty (40) hours each workweek.

55. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

56. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29

U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

57. The Plaintiff was a construction worker and was at all relevant times, covered by the FLSA.

58. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

59. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

60. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

61. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

62. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

63. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

64. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HERON STONE GP:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### VIOLATION OF FMWA against HERON STONE GP

65. Plaintiff re-alleges and re-avers paragraphs 1 through 30 as fully set forth herein.

66. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

67. Defendant HERON STONE GP failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the Defendant HERON STONE GP as alleged above.

68. Plaintiff sent a written demand for these payments dated September 24, 2020. Defendant HERON STONE GP has failed to make any payments in accord with that demand.

69. As a direct result of HERON STONE GP'S failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of HERON STONE GP.

70. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

E.  Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

F.  Liquidated damages;

G.  Assessment against Defendant of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

H.  Such other and further relief as the court deems proper.

**COUNT V**
**VIOLATION OF FLSA/OVERTIME UNPAID WAGES**
**against JAMIE HADDIX**

71. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

72. At the times mentioned, Defendant JAMIE HADDIX was, and is now, a corporate officer of corporate Defendant, JAB KITCHEN DESIGNERS.

73. JAMIE HADDIX was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JAMIE HADDIX acted directly in the interests of Defendant JAB KITCHEN DESIGNERS in relation to their employees including Plaintiff.

74. Specifically, JAMIE HADDIX supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

75. JAMIE HADDIX had operational control of the business and is thus jointly liable for Plaintiff's damages.

76. Defendant JAMIE HADDIX willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VI
### VIOLATION OF FMWA
### against JAMIE HADDIX

77. Plaintiff re-alleges and re-avers paragraphs 1 through 30 as fully set forth herein.

78. Plaintiff brings this action under Florida Statutes § 448.01 *et seq.* and/or common law for unpaid wages.

79. JAMIE HADDIX failed to pay Plaintiff at a rate equal to the Florida Minimum Wage for some of the hours worked during his employment with the JAMIE HADDIX as stated above.

80. Plaintiff sent a written demand for these payments dated September 24, 2020. JAMIE HADDIX has failed to make any payments in accord with that demand.

81. As a direct result of JAMIE HADDIX'S failure to pay Plaintiff, he has been damaged by not receiving wages due to him for work he performed on behalf of JAMIE HADDIX.

82. Because this is an action for unpaid wages, Plaintiff demands payment of his attorney's fees under Florida Statutes § 448.08.

**WHEREFORE**, Plaintiff requests judgment as follows:

A. Wages, salary, lost benefits, and any other compensation for which Defendant failed to pay Plaintiff;

B. Interest on the amount found due;

C. A jury trial on all issues so triable;

D. Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action under Florida Statutes § 448.08; and

E. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, DANIEL GONZALEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 20, 2020

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com